546 S.E.2d 651

**In the Matter of Herman L. MOORE, Respondent.**

No. 25288.

Supreme Court of South Carolina.

Heard April 4, 2001.

Decided May 14, 2001.

Henry B. Richardson, Jr., and Senior Assistant Attorney General, James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Coming B. Gibbs, Jr., of Gibbs & Holmes, of Charleston, for respondent.

PER CURIAM:

This is an attorney disciplinary matter. The subpanel found misconduct, and recommended respondent be indefinitely suspended. Respondent filed an objection to the subpanel report, contending that a six month suspension was the appropriate sanction. The full panel adopted the subpanel's report and recommended sanction, and neither respondent nor the Office of Disciplinary Counsel has filed exceptions or briefs before the Court. We agree with the findings of misconduct and impose an indefinite suspension.

## Findings

### A. *Practicing Law Under Suspension*

Respondent was suspended from the practice of law for several months in 1997 for nonpayment of Bar license fees and failure to comply with Continuing Legal Education (CLE) requirements. During that period of suspension, he continued to practice law by:

(i) filing an answer and appearing in a family court matter;

(ii) attempting to negotiate plea agreements in Dorchester County;

(iii) claiming a file from an attorney after telling her that he now represented the client;

(iv) filing motions and writing a letter in a DSS matter;

(v) sending a letter to DSS in a different matter;

(vi) filing a Notice of Appeal with the Supreme Court; and

(vii) engaging in discovery in a federal matter.

### B. *Failure to Cooperate with the Commission*

Respondent failed to respond to some inquiries from the Commission on Lawyer Conduct (Commission), and responded to others in an untimely manner.

### C. *Fraudulent Checks*

Respondent was arrested on four fraudulent check charges, and released the next day. He failed to appear for trial, was found guilty *in absentia*, and a bench warrant was issued. He was incarcerated on the bench warrant from April 29, 1997, until May 16, 1997. In addition to the four fraudulent checks mentioned above, two more checks were also drawn, all from respondent's escrow account.

### D. *Family Court Support Orders*

Respondent has been found to have violated family court orders regarding support, has failed to make required payments, and has been found in contempt and incarcerated on at least one occasion.[1]

---

1. Respondent testified he was incarcerated from January 15 to February 12, 1997.

## E.  *Criminal Matter*

Respondent was hired in 1996 to represent a woman facing serious criminal charges.  He neglected the case after the woman's bail was revoked.  When the woman's husband went to respondent's office, he found it empty and locked.  Respondent could not be located by phone.

When the solicitor's office could not locate respondent, a circuit judge asked that it send a certified letter to respondent at his uncle's address.  Respondent's uncle was at that time a licensed attorney, and respondent had worked for him for a period of time both before and after passing the Bar examination.  The letter warned that the judge intended to issue a Rule to Show Cause if respondent did not respond.  A Rule to Show Cause was issued, but apparently never served because respondent could not be located.

When the woman's case was called for trial, respondent was incarcerated on family court contempt charges.  A public defender was appointed to represent the client.

## E.  *Fee Dispute Matter*

The woman and her husband filed a fee dispute complaint as a result of respondent's conduct in representing her.  Respondent did not respond to the inquiry, and after investigating, the chairman of the Charleston County Fee Dispute Committee [2] notified the client and respondent that he had awarded the client and her husband a full refund in the amount of $2,340.00.  Respondent did not appeal the award, but as of the date of the subpanel hearing, had failed to refund the full amount.

## F.  *Divorce Matter*

In 1996, a woman retained respondent to represent her in her divorce and paid him $805.00, which included a $55.00 filing fee.  The client could not reach respondent and he did not return her calls.  When she went to his office in January 1997, she found it closed.  When she learned he was incarcerated for failure to pay child support, she requested the return

---

2.  The Charleston County Bar Association operates a fee dispute committee.

of her file and the fees she had paid. Respondent did not reply, nor did he return the file or the fee.

### G. *Adoption Matter*

The grandparents hired respondent to represent them in adopting their grandchildren after the children's parents' rights had been terminated in Georgia. The grandparents paid respondent $750.00.

When respondent failed to appear at a hearing in 1996, the family court judge directed staff to contact respondent. Although respondent left a message that he was "on his way," he never appeared.

In February 1998, the grandparents were divorced. The adoption had not been completed, and the grandmother attempted to reach respondent by contacting his attorney uncle. While the uncle undertook to represent the grandmother, he had to relinquish the case when his license was suspended. The uncle or someone in his firm put grandmother in touch with respondent.

In April 1998, respondent wrote to Georgia seeking a certified copy of the order terminating parental rights. No further action has been taken in the matter. Subsequently the grandmother obtained an award from the South Carolina Bar's Fee Dispute Committee and had it enrolled as a judgment. As of the date of the hearing, respondent had not refunded the fee, and the adoption had not been completed because the grandmother lacks funds to hire another attorney.

### H. *Robbery Client*

Respondent was retained in 1996 to represent a man facing multiple robbery charges. The client and his family paid approximately $2,100.00 towards respondent's $4,000.00 fee. Respondent neglected his client, who ultimately pled to charges in two counties. The client was represented at one plea by a public defender and at the other by an attorney retained by family members.

### I. *Escrow Account*

Respondent failed to maintain adequate escrow account records as required by Rule 417, SCACR.

### J.  *Rule 403 Matter*

Rule 403, SCACR, requires that, subject to certain exceptions, an attorney admitted to practice after March 1, 1979, cannot appear alone unless she has had a certain number of trial experiences approved by the Supreme Court.  At the time of the hearing, there was no Rule 403 form on file with the Supreme Court for respondent, nor was he able to produce a copy.  The subpanel found he either failed to complete the necessary trial experiences, failed to have it signed by the presiding judges, or at the very least failed to file a certificate with the Court.

Therefore, respondent was not entitled to appear alone in courts of record in South Carolina.[3]

## Conclusions

The subpanel concluded respondent violated numerous disciplinary rules.  Specifically, respondent was found to have violated the following provisions of Rule 7(a), RLDE, Rule 413, SCACR by: (a) violating the Rules of Professional Conduct, Rule 407, SCACR (7(a)(1));  (b) knowingly failing to respond to a lawful demand from the Commission (7(a)(3));  (c) engaging in conduct tending to pollute the administration of justice or to bring the courts or legal profession into disrepute (7(a)(5));  (d) violating the oath of office (7(a)(6));  and (e) willfully violating a valid court order (7(a)(7)).

He was also found to have violated certain Rules of Professional Conduct found in Rule 407, SCACR because he: (a) failed to provide competent representation (Rule 1.1);  (b) failed to keep a client reasonably informed about the status of a matter and to comply with reasonable requests for information (Rule 1.4(a));  (c) failed to consult with clients as to the means by which their objectives were to be pursued (Rule 1.2(a));  (d) failed to act with reasonable diligence and promptness in representing a client (Rule 1.3);  (e) failed to deliver promptly client funds or documents (Rule 1.15);  (f) practiced law while under suspension (Rule 5.5(a));  (g) failed to respond to a lawful demand for information requested by the Office Disciplinary Counsel (Rule 8.1(b));  (h) violated a Rule of

---

**3.**  On May 4, 2000, the Court received and approved a Rule 403 trial practice form filed by respondent.

Professional conduct (Rule 8.4(a)); (i) engaged in conduct involving dishonesty, fraud, deceit or misrepresentation (Rule 8.4(d)); and (j) engaged in conduct prejudicial to the administration of justice (Rule 8.4(e)). In addition, he was found to have violated the trial experience rule (Rule 403) and the trust account record keeping rule (Rule 417).

The subpanel and panel recommended that respondent receive an indefinite suspension and that he be required to pay the costs of the proceedings.

At the time of the subpanel hearing, respondent was living in a North Charleston motel. He testified that his clients could contact him by cell phone or pager, or by calling the motel. He acknowledged that he had no checking account of any kind since no bank would allow him to open an account in light of his "past history." There were two outstanding bench warrants from Berkeley County for unpaid child support and alimony in the amounts of $8,000 and $9,000.

This is a tragic situation. It is apparent from the record and from respondent's appearance before this Court that respondent is a person who sincerely endeavors to vigorously represent his clients. It is apparent at the same time, however, that respondent's precarious financial situation and transient living situation are incompatible with the practice of law because he is not available to his clients and the court system. We agree that respondent should be indefinitely suspended from the practice of law.

Respondent shall, within fifteen days of the date of this opinion, comply with the requirements of Rule 30, RLDE, Rule 413, SCACR. As a condition of reinstatement, he shall be required to show proof that he has paid any outstanding fee dispute awards, and that his family court support obligations are current.

Indefinite Suspension.

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., and Acting Justice JOHN C. FEW, concur.